UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WHITEAMIRE CLINIC, P.A., INC, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>vs.<br><br>QUILL CORPORATION, QUILL LINCOLNSHIRE, INC., and JOHN DOES 1-10,<br><br>Defendants. | )<br>)<br>)<br>)<br>) No. 12-5490<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Defendants, QUILL CORPORATION and QUILL LINCOLNSHIRE, INC. (collectively, "Quill"), pursuant to 28 U.S.C. § 1446(a), hereby jointly file their Notice of Removal of the Class Action Complaint ("Complaint") in *Whiteamire Clinic, P.A., INC, individually and as the representative of a class of similarly-situated persons v. Quill Corporation, Quill Lincolnshire, Inc., and John Does 1-10*, No. 12 CH 2856, in the Circuit Court of the 19th Judicial District, Lake County, Illinois ("State Court Suit"). Quill removes the State Court Suit based on federal subject matter jurisdiction pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 USC §227. In further support hereof, Quill states as follows:

### PLAINTIFFS' STATE-COURT CLAIMS

1. On June 8, 2012, individually and on behalf of an alleged class, Plaintiff, Whiteamire Clinic, P.A., Inc. ("Whiteamire") filed the State Court Suit against Quill for alleged violation of the TCPA (Count I) and conversion (Count II). Plaintiff's Complaint seeks monetary relief in the form of statutory damages, and injunctive relief which would prohibit

Quill from engaging in future conduct violating the TCPA (though no threat of such is alleged). A copy of the Complaint is attached hereto as **Exhibit A**.

2. The essence of Whiteamire's allegations in Counts I and II of its Complaint is that Quill has been sending unsolicited facsimiles to their recipients in violation of the TCPA.

3. Quill has not yet filed a response to the Complaint in the State Court Suit, having obtained from Whiteamire its agreement to extend the time in which Quill may do so to and including August 3, 2012.

### GROUNDS FOR REMOVAL

4. As more specifically stated below, the grounds for removal are that the case involves a federal question under the TCPA, 47 USC §227 and the court may properly exercise supplemental jurisdiction over Whiteamire's state law conversion claim.

A. Timeliness of Removal

5. Plaintiffs filed the Complaint on June 8, 2012.

6. Quill was served with the Complaint on June 13, 2012.

7. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999) (finding time to remove begins from the date service is effectuated).

B. Federal Question Jurisdiction Over Whiteamire's TCPA Claim.

8. Whether a federal court has jurisdiction is determined on the pleadings, without consideration of any defense to the claims being pled. *See, e.g., Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 10 n. 9 (1983); or *Gossmeyer v. McDonald*, 128 F. 3d 481, 487 (7th Cir 1997).

9. Because Whiteamire's Complaint asserts a TCPA claim, this Court has federal question jurisdiction over such claims under 47 USC §227 and 28 USC §1331.

**C. Supplemental Jurisdiction Over Whiteamire's State Law Conversion Claim.**

10. Whiteamire's conversion claim is based on the same alleged acts of sending unsolicited faxes as stated in the Whiteamire's TCPA claim. As such, the conversion claim is so related to the TCPA claim that is part of the same case or controversy. Therefore, this Court has supplemental jurisdiction over the conversion claim pursuant to 28 USC § 1367. *See*, *Carr v. Avon Products, Inc.*, No. 10 C 3124, 2011 WL 43033 (N.D. ILL. Jan 6, 2011).

**D. Procedural Requirements**

11. The Circuit Court of Lake County, Illinois, is located in Lake County, which is within the Northern District of Illinois. Therefore, removal to the Northern District of Illinois, is proper. 28 U.S.C. § 1441(a).

12. Venue properly lies in this Court pursuant to 28 U.S.C. § 1446(a), as the State Court Suit is presently pending in the Circuit Court of the 19th Judicial District, Lake County, Illinois.

13. A copy of this Notice of Removal will be filed with the Circuit Court of the 19th Judicial District, Lake County, Illinois, County Department and served upon all adverse parties as required by 28 U.S.C. § 1446(d).

14. A copy of all process, pleadings and orders served by or upon Quill is attached to this Notice of Removal as Exhibit A as required by 28 U.S.C. § 1446(a).

15. By this Notice of Removal, Quill does not admit any allegations in Whiteamire's Complaint, and expressly reserves its right to deny the same.

16. The undersigned has read and signed this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants, Quill Corporation and Quill Lincolnshire, Inc., hereby remove the above-entitled civil action from the Circuit Court of Lake County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: July 12, 2012

Respectfully submitted,

By: /s/ Elizabeth B. Vandesteeg
Mitchell Bryan
Elizabeth B. Vandesteeg
Levenfeld Pearlstein, LLC
2 N. LaSalle Street, Suite 1300
Chicago, Illinois 60602
Tel.: (312) 346-8380
mbryan@lplegal.com
evandesteeg@lplegal.com

*Attorneys for Quill Corporation and Quill Lincolnshire, Inc.*

*Of Counsel*:

Mark D. Cahill
John R. Baraniak, Jr.
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
Tel.: (617) 248-2114
mcahill@choate.com
jbaraniak@choate.com

5455701v1