# **EXHIBIT A**

Mitchell L. Hoffman

**F I L E D**

**IN THE CIRCUIT COURT OF THE 19TH JUDICIAL DISTRICT
LAKE COUNTY, ILLINOIS**

JUN 08 2012

*Samyod Offett*
CIRCUIT CLERK

| | |
|---|---|
| WHITEAMIRE CLINIC, P.A., INC.,<br>individually and as the representative of a class<br>of similarly-situated persons,<br><br>                  Plaintiff,<br><br>       v.<br><br>QUILL CORPORATION, QUILL<br>LINCOLNSHIRE, INC. and JOHN DOES 1-<br>10,<br><br>                  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Case No.:  **12 CH 2856** |

## CLASS ACTION COMPLAINT

Plaintiff, WHITEAMIRE CLINIC, P.A., INC. ("Plaintiff"), brings this action on behalf

of itself and all other persons similarly situated, through its attorneys, and except as to those

allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal

knowledge, alleges the following upon information and belief against Defendants, QUILL

CORPORATION, QUILL LINCOLNSHIRE, INC. and JOHN DOES 1-10 (collectively

"Defendants"):

### PRELIMINARY STATEMENT

1.     This case challenges Defendants' practice of sending unsolicited facsimiles.

2.     The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a

person or entity from faxing or having an agent fax advertisements without the recipient's prior

express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a

private right of action and provides statutory damages of $500 per violation.

3.     Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its

fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that

would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.    On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA and the common law of conversion.

5.    Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.    Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendants have transacted business and committed tortious acts related to the matters complained of herein.

7.    Venue is proper in Lake County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortuous acts complained of occurred in Lake County.

8.    Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9.    Plaintiff is an Ohio corporation.

10.    On information and belief, Defendants, QUILL CORPORATION and QUILL LINCOLNSHIRE, INC., are Delaware corporations which have their principal place of business in Lake County, Illinois.

11.    John Does 1-10 will be identified through discovery, but are not presently known.

## FACTS

2

12. On or about August 21, 2008 and September 22, 2008, Defendants sent two facsimiles to Plaintiff. Copies of the two facsimiles are attached hereto as Exhibit A.

13. Defendants created or made Exhibit A which is a good or product which Defendants distributed to Plaintiff and the other members of the class.

14. Exhibit A is a part of Defendants' work or operations to market Defendants' goods or services which was performed by Defendants and on behalf of Defendants. Therefore, Exhibit A constitutes material furnished in connection with Defendants' work or operations.

15. Plaintiff had not invited or given permission to Defendants to send the facsimile.

16. On information and belief, Defendants sent the same and similar facsimiles to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

17. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

18. Defendants' advertisements did not display a proper opt out notice as required by 64 C.F.R. 1200.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

19. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

20. In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four (4) years prior to the filing of this complaint, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property,

3

goods, or services by or on behalf of Defendants, (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendants did not have an established business relationship, and (5) which did not display a proper opt out notice.

21.     A class action is warranted because:

(a)     On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b)     There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i)     Whether Defendants sent unsolicited fax advertisements;

(ii)    Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

(iii)   The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv)    Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation;

(v)     Whether Defendants violated the provisions of 47 USC § 227;

(vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)   Whether Defendants should be enjoined from faxing advertisements in the future;

(viii)  Whether the Court should award trebled damages; and

4

(ix)     Whether Exhibit A and Defendants' other advertisements displayed a proper opt out notice as required by 64 C.F.R. 1200.

22.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

23.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

24.     The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

25.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

26.     The TCPA provides:

3.     Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)     Both such actions.

5

27.     The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

28.     Defendants violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission and by not displaying a proper opt out notice as required by 64 C.F.R. 1200.

29.     The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other class members even if its actions were only negligent.

30.     Defendants knew or should have known that: Plaintiff and the other class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods or services, that Plaintiff and the other class members did not have an established business relationship with Defendants, that Exhibit A and the other advertisements Defendants sent were advertisements, and that Exhibit A and the other advertisements Defendants sent did not display the proper opt out notice as required by 64 C.F.R. 1200.

31.     Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, Defendants' faxes used Plaintiff's fax machine. Defendants' faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone. Finally, the injury and property damage

6

sustained by Plaintiff and other class members from the sending of Exhibit A occurred outside Defendants' premises.

32.     Even if Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, WHITEAMIRE CLINIC, P.A., INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, QUILL CORPORATION, QUILL LINCOLNSHIRE, INC. and JOHN DOES 1-10, jointly and severally, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award $500.00 in damages for each violation of the TCPA;

C.     That the Court enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

D.     That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

### COUNT II
### CONVERSION

33.     Plaintiff incorporates paragraphs 1, 3, and 6 through 17 as though fully set forth herein.

7

34.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion

under the common law for the following class of persons:

> All persons who on or after five (5) years prior to the filing of this
> complaint were sent telephone facsimile messages by or on behalf
> of Defendants.

35.    A class action is proper in that:

(a)    On information and belief the class consists of forty or more persons and

is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over

all questions affecting only individual class members, including:

(i)    Whether Defendants engaged in a pattern of sending unsolicited

faxes;

(ii)    The manner and method Defendants used to compile or obtain the

list of fax numbers to which it sent Exhibit A and other unsolicited faxes; and

(iii)    Whether Defendants committed the tort of conversion.

36.    Plaintiff will fairly and adequately protect the interests of the other class

members. Plaintiff has retained counsel who is experienced in handling class actions and claims

involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests

adverse or in conflict with the class.

37.    A class action is an appropriate method for adjudicating this controversy fairly

and efficiently. The interest of the individual class members in individually controlling the

prosecution of separate claims is small and individual actions are not economically feasible.

38. By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

39. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

40. By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use. Such misappropriation was wrongful and without authorization.

41. Defendants knew or should have known that their misappropriation of paper, toner, and employee time was wrongful and without authorization.

42. Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited faxes from Defendants.

43. Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' illegal faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

44. Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner as a result. Defendants' actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machines for

9

Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, WHITEAMIRE CLINIC, P.A., INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, QUILL CORPORATION, QUILL LINCOLNSHIRE, INC. and JOHN DOES 1-10, jointly and severally, as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B.    That the Court award appropriate damages;

C.    That the Court award costs of suit; and

D.    Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

Respectfully submitted,

WHITEAMIRE CLINIC, P.A., INC., individually and as the representative of a class of similarly-situated persons

By:    _____
One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone: 847/368-1500
ARDC #3126474

10

**EXHIBIT A**

# ✒QUILL® *So Fast.* *So Simple.*™

**Quill Corporation**

**100 Schelter Road, Lincolnshire, IL 60069-3621**

**Date: 8/21/2008**
**Time: 8:01:09 AM**

| | | | |
|---|---|---|---|
| **To:** | vicki | **From:** | |
| **Company:** | | **Phone:** | |
| **Fax:** | +1 (419) 5296085 | **Fax:** | |

**Subject:** New Customer Offer From Quill
**Pages:** 3

**Comments:** Hi Vicki,
Thanks for taking time out of your busy day to speak with me!

Give Quill a risk-free try today for office products and see for yourself why more than 1 million businesses across America count on us for the best value, the largest selection and service that are second to none. Get your first order with us off to a great start with these *EXCLUSIVE* limited-time "new customer" specials good through August 31, 2008!

**CHOOSE EITHER**

- **$15 off your first order of $75 or more**
  Mention Instant Order Rebate Coupon Code 'TWG' at checkout

**OR**

- **$30 off your first order of $150 or more**
  Mention Instant Order Rebate Coupon Code 'TZA' at checkout

**Plus get:**

- **Georgia Pacific® copy & print paper for only $2.89 per ream ($28.90 per carton; Limit total: 20 reams)**
  Use item number 374-S-214307 to receive this great price; additional reams are only $3.09 per ream, item number 156-S-214307

*Sample Paper Introductory Offer\*:*

| *Product Details [92 bright, 20 lb]* | <u>*Price*</u> |
|---|---|
| *2 cases of Georgia Pacific Copy & Print Paper (20 reams) 374-S-214307* | *$57.80* |
| *1 case of Georgia Pacific Copy & Print Paper (10 reams) 156-S-214307* | *$30.90* |
| *Your price before introductory offer* | *$88.70* |
| *$15 COUPON APPLIED [CODE "TWG"]* | *Less $15.00* |
| *YOUR SPECIAL INTRODUCTORY PRICE* | *only $73.70* |

*[plus tax]*

*\*The sample above represents one way you can save but check out <u>www.quill.com</u> to find everything you need to run your office including ink and toner, office furniture and technology!*

Order today by calling 1-800-789-1331 or visiting <u>www.quill.com</u>  If you're not happy with any part of your Quill experience, just let us know and we'll do whatever it takes to make things right!

According to BizRate, Quill beats the superstores in overall satisfaction!  What are you waiting for?

Sincerely,
Cathy Rasmussen

# **QUILL**

**OFFERS GOOD THROUGH 8/31/08**

### Your only source for office supplies

# Quill delivers for you!

- **Great prices**
- **Fast, FREE delivery***
- **Award-winning service**



* on most orders over $45

**Go** to www.quill.com and start saving today!

| INSTANT COUPON | TAKE $15 | or | TAKE $30 | INSTANT COUPON |

**INSTANT COUPON**
OFFER GOOD THROUGH 8/31/08
YOU MUST USE THIS INSTANT COUPON CODE WHEN PLACING YOUR ORDER
**TWG**

**TAKE $15** off your entire order of $75 or more.

**or**

**TAKE $30** off your entire order of $150 or more.

**INSTANT COUPON**
OFFER GOOD THROUGH 8/31/08
YOU MUST USE THIS INSTANT COUPON CODE WHEN PLACING YOUR ORDER
**TZA**

May not be used with other discounts. Other exclusions may apply as noted on specific products. Tax and freight charges are not included in minimum purchase or discount. Offer is non-transferable and cannot be used on prior purchases. Quill may refuse to redeem any instant coupon which it believes in good faith to be fraudulently or improperly obtained.

Coupon valid for recipient only—one time use.

## Your lowest delivered price on ink and toner!

- The largest selection anywhere
- In-stock guarantee —for details visit www.quill.com/instock



to www.quill.com/inkandtoner and find what you need today!

### Georgia-Pacific Copy & Print paper



**2 89** Reg. $7.29
per ream in qty. ($28.90 per carton)
Limit Total 20 reams per customer
Item number 374-S-214307

Ordering more than 20 reams today? You can still get a great price! $3.09 per ream in qty. (Only $30.90/carton). Must order in multiples of 10 reams.
Item number 156-S-214307.

**BizRate** *Quill beats the superstores in overall satisfaction and satisfaction with on-time delivery in BizRate's Office Supplies Category!*

Based on BizRate Research Office Supplies category data and ratings for calendar year 2007. ©2007 BizRate.com. All Rights Reserved.

81283 V5

Phone 800.789.1331    **www.quill.com**    Fax 800.789.8955

Although Quill intends to maintain its prices during the life of its mailings, Quill reserves the right to be exercised at its sole discretion, to revise prices, limit quantities and correct printing/pricing errors. This promotional message was sent by Quill Corporation. If you prefer not to receive future fax communications from Quill, call 800-789-1331. This media was intended for the recipient's use only. Only the original recipient may use any Instant Coupon Code included here. Quill reserves the right to reject Instant Coupon Codes which it believes in good faith to be fraudulently or improperly obtained from a bulletin board or other Internet site.
Quill Lincolnshire, Inc., 100 Schelter Road, Lincolnshire, IL 60069.

# *Ⓠ QUILL* *So Fast.* *So Simple.*™

**Quill Corporation**

**100 Schelter Road, Lincolnshire, IL 60069-3621**

**Date: 9/22/2008**
**Time: 12:41:35 PM**

| | | |
|---|---|---|
| **To:** Vicki Spangler | **From:** Stephen | |
| **Company:** | **Phone:** 800-789-1331 | |
| **Fax:** 14195296085 | **Fax:** 800-789-8955 | |

**Subject:** New Customer Offer from Quill!
**Pages:** 2

**Comments:** Thanks for taking time out of your busy day to speak with us! Give Quill a risk-free try for office products and see for yourself why more than 1 million businesses across America count on us for the best value, largest selection and service that are second to none. Get your first order off to a great start with these EXCLUSIVE limited-time "new customer" specials good through September 30, 2008!

Order today by visiting www.quill.com or by calling 1-800-789-1331. According to BizRate, Quill beats the superstores in overall satisfaction! What are you waiting for?

Sincerely,
Your Quill Team

# QUILL

OFFERS GOOD THROUGH 9/30/08

## Your only source for office supplies

# Quill delivers for you!

- **Great prices** • **Fast, FREE delivery\*** • **Award-winning service**



\* Fast, FREE delivery on most orders over $45

## Want to pay less for ink and toner?

- Save up to 71% on compatible ink and toner
- Great selection
- In stock or it's FREE!

See www.quill.com/instock details for more information.

 Go to www.quill.com/inksavings



**Georgia-Pacific Copy & Print paper**

$2.99

 Go to www.quill.com/emailsignup

### Bonus Coupon

**PLUS**

**FREE[1] case of Quill Brand® copy paper** when you spend $150 or more on ink and toner


INSTANT COUPON
OFFER GOOD THROUGH 9/30/08
YOU MUST USE THIS INSTANT COUPON CODE WHEN PLACING YOUR ORDER
**QXL**

*or*

**TAKE $30** off[2] your entire order of $150 or more.


INSTANT COUPON
OFFER GOOD THROUGH 9/30/08
YOU MUST USE THIS INSTANT COUPON CODE WHEN PLACING YOUR ORDER
**MEQ**

*or*

**TAKE $15** off[2] your entire order of $75 or more.

INSTANT COUPON
OFFER GOOD THROUGH 9/30/08
YOU MUST USE THIS INSTANT COUPON CODE WHEN PLACING YOUR ORDER
**HTZ**

[1] Offer may not be combined with other discounts, sales, coupons or promotions and is not valid on prior purchases or payments. Excludes special order items. Other limitations and/or exclusions may apply.
[2] May not be used with other discounts. Other exclusions may apply as noted on specific products. Tax and freight charges are not included in minimum purchase or discount. Offer is non-transferable and cannot be used on prior purchases. Quill may refuse to redeem any instant coupon which it believes is good faith to be fraudulently or improperly obtained.

**Coupon valid for recipient only—one time use.**

### Phone 800.789.1331    www.quill.com

Although Quill intends to maintain its prices during the life of its mailings, Quill reserves the right to be exercised at its sole discretion, to revise prices, limit quantities and correct printing/pricing errors. This promotional message was sent by Quill Corporation. If you prefer not to receive future fax communications from Quill, call 800-789-1331. This media was intended for the recipient's use only. Only the original recipient may use any Instant Coupon Code included here. Quill reserves the right to reject Instant Coupon Codes which it believes in good faith to be fraudulently or improperly obtained from a bulletin board or other internet site. Quill Lincolnshire, Inc, 100 Schelter Road, Lincolnshire, IL 60069



**IN THE CIRCUIT COURT OF THE 19TH JUDICIAL DISTRICT
LAKE COUNTY, ILLINOIS**

WHITEAMIRE CLINIC, P.A., INC.,
individually and as the representative of a
class of similarly-situated persons,

        Plaintiff,

        v.

QUILL CORPORATION, QUILL
LINCOLNSHIRE, INC. and JOHN DOES 10,

        Defendants.

Case No.: **12 CH 2856**

SERVE: ① QUILL CORPORATION
AND
② QUILL LINCOLNSHIRE, INC
℅ CT Corporation System
208 S. LaSalle St. Suite 814
CHICAGO, IL 60604

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff, WHITEAMIRE CLINIC, P.A., INC., by its attorneys, Anderson + Wanca and

Bock & Hatch, LLC, respectfully moves this court, pursuant to 735 ILCS 5/2-801 et seq., to

certify for class action treatment the following classes, as described in Plaintiff's Class Action

Complaint:

> All persons who (1) on or after four (4) years prior to the filing of
> this complaint, (2) were sent telephone facsimile messages of
> material advertising the commercial availability of any property,
> goods, or services by or on behalf of Defendants, (3) from whom
> Defendants did not obtain prior express permission or invitation to
> send those faxes, (4) with whom Defendants did not have an
> established business relationship, and (5) which did not display a
> proper opt out notice.

> All persons who on or after five years (5) prior to the filing of this
> complaint, were sent telephone facsimile messages by or on behalf
> of Defendants.

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff, WHITEAMIRE CLINIC, P.A., INC., prays that this court enter

an order pursuant to 735 ILCS 5/2-801 certifying for class treatment the classes set forth herein.

Respectfully submitted,

WHITEAMIRE CLINIC, P.A., INC., individually,
and as the representative for a class of similarly-
situated persons

By:    _One of the Attorneys for Plaintiff_

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Fax: 847/368-1501
ARDC #3126474

2