IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WHITEAMIRE CLINIC, P.A., INC., individually and as the representative of a class of similarly-situated persons, | ) ) ) ) ) |
| Plaintiff, | ) |
| v. | ) Case No. 12 cv 5490 |
| | ) |
| QUILL CORPORATION, QUILL LINCOLNSHIRE, INC., and John Does 1-10, | ) ) ) |
| | ) |
| Defendants. | |

MEMORANDUM OPINION AND ORDER

On June 8, 2012, Plaintiff Whiteamire Clinic, P.A., Inc., filed a class action complaint against Defendants Quill Corporation, Quill Lincolnshire, Inc. and John Does 1-10 ("Defendants") in Illinois state court, asserting claims for violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, and common law conversion regarding two facsimile advertisements that Plaintiff received from Defendants. Defendants removed the case to this Court on July 12, 2012, and on July 19, 2013, they filed a motion to stay the proceedings while a petition they filed before the Federal Communications Commission ("FCC") challenging the regulation at issue is pending. They have also filed a motion to amend their

1

answer to the complaint to include certain affirmative defenses that recently came to light through the parties' discovery process. For the reasons that follow, Defendants motion to stay is denied, and the motion to amend their answer is granted.

I.

This dispute concerns two faxes that Defendants sent to Plaintiff in August and September of 2008. Defendants assert, and Plaintiff does not dispute, that Defendants had prior express permission or invitation to send faxes to Plaintiff. The faxes at issue, however, were advertisements for a "risk-free" opportunity for Plaintiff to try Defendants' office products, but did not provide any information about how Plaintiff could "opt out" of receiving future faxes as required by federal regulation. *See* 47 C.F.R. § 64.1200(a)(3)(iv) ("A facsimile advertisement that is sent to a recipient that has provided prior express invitation or permission to the sender must include an opt-out notice that complies with the requirements in paragraph (a)(3)(iii) of this section.").

Defendants dispute the validity of 47 C.F.R. § 64.1200(a)(3)(iv), arguing that while the FCC has the power to regulate unsolicited faxes, it has exceeded its authority in regulating solicited faxes by requiring such opt-out notice. On July 19, 2013, Defendants filed a petition with the FCC for

2

rulemaking to repeal Rule 64.1200(a)(3)(iv) and for a declaratory ruling that Rule 64.1200(a)(3)(iv) does not require that solicited fax advertisements contain an opt-out notice. They then moved for a stay in this Court pending the FCC decision on their petition.

## II.

**Motion to Stay**

Defendants argue that the stay would be "an appropriate exercise of the Court's power to manage its docket," because it urges that the "FCC's disposition of the Petition is likely to significantly narrow the disputed issues before this Court and may in fact be dispositive of the case." Mot. To Stay, Doc [#74] at 3. They urge that the grant of a stay "will promote the interests of judicial economy and conserve party resources by assuring the orderly resolution of the principal disputed issue in the case." *Id.* at 4. Defendants urge that the stay will allow the FCC the reasonable opportunity to address the issue, and they press this argument on prudential grounds, not on primary jurisdictional grounds.

In response, Plaintiff argues that the plain language of the regulation and the FCC's statements in other proceedings demonstrate that the FCC has the power to regulate solicited faxes and is unlikely to repeal the regulation when it responds to Defendants' petition. Plaintiff points to the FCC's

statements issued pursuant to a previous challenge that raised the same objections as those raised in Defendants' petition. Specifically, the FCC stated that the challenge to its authority to require opt-out notice in solicited faxes was "unpersuasive" since the Commission is empowered to enforce regulations that regulate commercial faxes. It explained that the opt-out rule included for faxes sent with recipient permission

> is designed to ensure that the consumer has the
> necessary contact information to opt out of future fax
> transmissions (*i.e.*, revoke prior permission to send
> such fax advertisements) and to ensure that the fax
> sender can account for all such requests and process
> them in a timely manner by ensuring that consumers use
> the contact information specified by the sender on the
> opt-out notice.

Ex. 1 to Plt. Resp. Opp. Mot. Stay, [#81] FCC Order, *In the Matter of Junk Fax Prevention Act of 2005*, May 2, 2012, at ¶ 7. Plaintiff also notes that in an Amicus Brief filed in *Nack v. Walburg*, 715 F.3d 680 (8th Cir. 2013), the FCC stated, "[t]here is no reason to think that Section 64.1200(a)(3)(iv) does not mean exactly what it says: a 'facsimile advertisement' sent with the recipient's 'prior express invitation or permission' must 'include an opt-out notice.'" Ex. 2 to Plt. Resp. Opp. Mot. Stay, [#81], FCC Amicus Brief at 13. Plaintiff argues that because the FCC has expressly rejected the proposition that it lacks the authority to promulgate the Regulation, the outcome of

Defendants' petition is not likely to affect the proceedings before this Court.

Nevertheless, Defendants argue that a stay is appropriate given that there is a possibility that the FCC might repeal Section 64.1200(a)(3)(iv), which would impact this case. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of cases on its docket with economy of time and effort for itself, for counsel and for litigants." *Texas Independent Producers and Royalty Owners Ass'n v. E.P.A.*, 410 F.3d 964, 980(7th Cir. 2005) (internal citation omitted). The chances of the FCC overruling Section 64.1200(a)(3)(iv), however, appear remote given its unambiguous statements its recent Order and its Amicus Brief in *Nack*. The FCC position on its authority to include an opt-out requirement in solicited faxes is clear and unwavering. Having failed to establish that the FCC is likely to issue a ruling that repeals the regulation at issue here, Defendants have failed to establish that a stay would be an appropriate means of conserving judicial resources.

### Motion To Amend The Answer To The Complaint

Additionally, Defendants move to file an Amended Answer and Affirmative Defenses to the Complaint, to reflect new information uncovered during discovery that gave rise to additional affirmative defenses. They argue that amending their answer will

not cause undue prejudice to Plaintiff, noting that no depositions have taken place and no dispositive motions have been filed in the case.

Plaintiff opposes that motion, but only to the extent that it argues Defendants' motion to amend their Answer inherently conflicts with its contemporaneous motion to stay the proceedings. It argues that if Defendants abandon their motion to stay the case, it will not object to the motion to amend, provided that it is afforded twenty one days to respond to the amended answer. Because Defendants' motion to stay has been denied, Plaintiff's objection to the motion to amend is moot. In accordance with Fed. R. Civ. P. ("Rule") 15(a)(2), which directs district courts to "freely give leave [to amend] when justice so requires," Defendants' motion to amend their Answer is granted.

III.

For the foregoing reasons, Defendants' motion to stay is denied and their motion to amend their Answer is granted.

**ENTER ORDER:**

**Dated:** September 6, 2013

_____
**Elaine E. Bucklo**
United States District Judge