IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WHITEAMIRE CLINIC, P.A., INC., an Ohio corporation, individually and as the representative of a class of similarly situated persons, | ) ) ) ) ) | |
| Plaintiff, | ) ) | No. 12-cv-05490 |
| v. | ) ) | Judge Andrea R. Wood |
| QUILL CORPORATION, QUILL LINCOLNSHIRE, INC., AND JOHN DOES 1-10, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

    Status hearing held; continued to 7/8/2014 at 9:00 a.m. Defendants' renewed motion to stay the case pending resolution of the Petition of Staples, Inc. and Quill Corporation for Rulemaking and Declaratory Ruling [113] is granted. All proceedings in this matter are hereby stayed pending further order of the Court. The parties shall file joint status reports every six (6) weeks to update the Court on the status of the petition filed with the FCC and any other matters pertinent to the continuation of the stay, with the first status report to be filed by 5/21/2014. Attorney Lindsay S. See's motion to appear *pro hac vice* as counsel for Defendants [145] is granted.

## STATEMENT

    Plaintiff Whiteamire Clinic, P.A., Inc., filed a Class Action Complaint against Defendants Quill Corporation and Quill Lincolnshire, Inc. asserting claims for violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, and common law conversion, regarding two fax advertisements sent to Plaintiff in 2008. Plaintiff alleges that Defendants sent these fax advertisements without the required opt-out notice. There are multiple motions currently pending before the Court. However, for present purposes, the pertinent one is Defendants' renewed motion to stay this case pending resolution of Defendants' petition pending before the Federal Communications Commission ("FCC"). (Dkt. No. 113.)

    A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); s*ee also Landis v. North American Co*., 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done

calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."). In determining whether to enter a stay, courts consider the following: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009).

Defendants first asked the Court to stay this proceeding on July 19, 2013. (Dkt. No. 74.) That initial request for a stay was based on the fact that Defendants that same day had filed a petition asking the FCC to repeal the Solicited Fax Rule, 47 C.F.R. § 64.1200(a)(4)(iv) – *i.e.*, the rule that provides the basis for the relief sought by Plaintiff in this case – or to issue a declaratory ruling clarifying that the rule does not require solicited fax advertisements to contain an opt-out notice. Defendants argued that, if the FCC granted the relief sought, it would likely resolve the litigation pending before this Court. At that time, Defendants provided little support for their supposition that the FCC was likely to take up their petition in the near future, and even less that the FCC would actually repeal the Solicited Fax Rule. Accordingly, the Court denied their request for a stay on September 6, 2013. (Dkt. No. 88.)

In their renewed motion for a stay (and subsequent supplemental filings), Defendants cite developments since the time of their original filing that they claim demonstrate a likelihood that the FCC will, in fact, address their petition soon. Among other things, on January 31, 2014, the FCC issued a Public Notice seeking comment on the various petitions filed by class action defendants, including Defendants, regarding the Solicited Fax Rule. The Public Notice appears to set an expedited schedule, with comments to be submitted by February 14, 2014 and reply comments due by February 21, 2014. (Dkt. No. 151-1, at 1.) Defendants also informed the Court that they and other interested parties met with staff of each of the five FCC Commissioners on February 4 and 5 to discuss the pending Public Notice. (Dkt. No. 156.) Additionally, the United States has now weighed in, having filed an acknowledgment of the constitutional challenge raised by Defendants and stating that it supports a stay, given that the petition with the FCC would "resolve the issues in Defendants' Motion" and that a stay would be "consistent with the jurisdictional requirements of the Hobbs Act." (Dkt. No. 146.)[1]

The Court also notes that a number of other district courts have elected to stay class actions raising similar claims as those here, pending a determination by the FCC regarding the validity of the Solicited Fax Rule. *See Physicians Healthsource, Inc. v. Purdue Pharma L.P.*, No. 3:12-cv-01208-SRU, Doc. 101 (D. Conn. Feb. 3, 2014); *St. Louis Heart Ctr., Inc. v. Gilead Palo Alto, Inc.*, 2013 WL 5436651, at *1 (E.D. Mo. Sep. 27, 2013); *Nack v. Walburg*, 2013 WL 4860104, at *1 (E.D. Mo. Sep. 12, 2013); *Raitport v. Harbour Capital Corp.*, 2013 WL 4883765, at *1 (D.N.H. Sep. 12, 2013). While these rulings do not dictate the Court's ruling here, they do lend some support to Defendants' position that a stay is appropriate.

Accordingly, in light of the developments since the Court's initial ruling denying a stay, the Court finds that a stay would not unduly prejudice the Plaintiff and would potentially streamline the issues for trial and reduce the burden of litigation on both the parties and the Court. As a result, Defendants' motion for a renewed stay pending determination of Defendants'

---

[1] The United States filed a formal notice of intervention in the case on March 11, 2014. (Dkt. No. 167.)

petition with the FCC is granted. The parties shall file status reports every six weeks updating the Court on the status of the petitions filed with the FCC and any other matters pertinent to the continuation of the stay, with the first status report to be filed by 5/21/2014. The Court will also continue to schedule status hearings in this matter.

Dated: April 9, 2014

Andrea R. Wood
United States District Judge

3